```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

ANGELA COX-GRAHAM,              )
                                )
         Plaintiff,             )
                                )
v.                              )   Case No. CIV-18-188-RAW-KEW
                                )
COMMISSIONER OF SOCIAL          )
SECURITY ADMINISTRATION,        )
                                )
         Defendant.             )
```

**REPORT AND RECOMMENDATION**

Plaintiff Angela Cox-Graham (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 55 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant worked in

the past as a cashier II, cashier, and checker bagger. Claimant alleges an inability to work beginning February 1, 2007 due to limitations resulting from the effects of a stroke.

### Procedural History

On April 28, 2009, Claimant filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. After an unfavorable ruling, Claimant appealed the decision to this Court where it was reversed and remanded to Defendant for further proceedings. In the meantime, Claimant filed additional claims and the Appeals Council ordered that all claims be consolidated.

An ALJ conducted a further administrative hearing and another unfavorable decision was rendered. Again, the decision was reversed and remanded by this Court on March 29, 2017.

On remand, Administrative Law Judge ("ALJ") Lantz McClain conducted a further administrative hearing by video with Claimant appearing in Fort Smith, Arkansas and the ALJ presiding from Tulsa, Oklahoma. On February 23, 2018, the ALJ issued a partially

unfavorable decision, finding Claimant was disabled beginning September 4, 2017 but was not disabled prior to that time. The decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.984, 416.1484.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform light work with limitations before September 4, 2017.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly determine Claimant's RFC; and (2) failing to make adequate findings at step five.

### RFC Evaluation

In his decision, the ALJ determined Claimant suffered from the severe impairments of a history and residuals of cerebrovascular accident, anxiety, and depression. (Tr. 434). The ALJ concluded that, since the alleged onset date of February 1, 2007, Claimant retained the RFC to perform light work. In so doing, the ALJ found Claimant could lift/carry up to 20 pounds

5

occasionally and ten pounds frequently, stand and/or walk for at least six hours in an eight hour workday, and sit for at least six hours in an eight hour workday. The ALJ limited Claimant to simple, repetitive tasks, and found Claimant was able to relate to supervisors and co-workers only superficially, and could not work with the public. (Tr. 437).

After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of small products assembler and merchandise marker. (Tr. 452). The ALJ concluded that beginning on September 4, 2017, Claimant changed to the advanced age category and that no jobs existed in the economy which Claimant could perform. Id. He also concluded Claimant was not disabled prior to September 4, 2017, was not under a disability at any time through September 30, 2010, the last date insured, and was not under a disability at any time through April 30, 2016, the end of the prescribed period. (Tr. 453).

In the first of a litany of issues under the single heading alleging "Improper RFC Determination," Claimant contends the ALJ improperly weighed and utilized medical opinion evidence. Specifically, Claimant asserts the ALJ continued to discount the psychological opinion evidence consisting of five evaluations

6

which Claimant characterized as "remarkably consistent." Dr. Robert Spray evaluated Claimant on March 6, 2006 (Tr. 253-256), February 21, 2011 (Tr. 413-16), and November 15, 2012 (Tr. 1309-12). Dr. Patricia Walz evaluated Claimant on January 23, 2007 (Tr. 285-89) and July 21, 2009 (Tr. 340-45).

In the latest of these assessments, Dr. Spray found in 2012 that Claimant experienced no difficulty with self-care, was able to communicate and interact in a socially adequate manner, experienced a mild difficulty with attention and concentration, persisted well during the examination, and had normal pace during the exam. Dr. Spray did note that in a work setting, affective and anxiety-based symptoms could interfere with her ability to complete tasks in a timely manner. (Tr. 1311-12). In Dr. Walz's latest evaluation in 2009, she noted Claimant "looked haggard and tired," that she "was very sad and sobbed", had a depressed mood, sad affect, slurred speech and seemed sedated. Claimant had thoughts of hurting other people without intent. She reported concentration problems. It was noted that Claimant's husband had died three months prior to the examination. Her intellectual functioning was thought to be in the borderline to low average range. Premorbid functioning was in the low average range. (Tr.

7

342-44). Dr. Walz assessed Claimant as in Grief Reaction and Vascular Dementia with Anxiety and Depression, Mild to Moderate with a GAF of 45-50. (Tr. 344).

The ALJ thoroughly discussed the various findings of Dr. Spray and Dr. Walz in his decision, providing "little weight" to the opinions. (Tr. 440-44). He noted the "significant discrepancies across the numerous consultative examinations" but gave the "greatest weight" to the prior findings of the agency consultative psychological professionals. These reports include the March 20, 2006 report of Dr. Cynthia Kampschaefer (Tr. 272-75), September 2, 2009 report of Dr. Janice B. Smith (Tr. 353-56), December 28, 2009 review of Dr. Burnard Pearce (Tr. 393), January 23, 2013 assessment of Dr. Edith King (Tr. 714-33), and the April 10, 2013 assessment of Dr. Sharon Taber (Tr. 734-55). The common thread running through all of these assessments is the conclusion that Claimant could perform simple, routine tasks while relating to supervisors and co-workers on a superficial basis with no contact with the general public.

The ALJ must evaluate every medical opinion in the record. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ must also explain in the decision the weight given to the medical

8

opinions. Soc. Sec. R. 96-6p, 1996 WL 374180. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

The ALJ in this case evaluated every medical opinion at his disposal – of which there were many. He reached a well-supported conclusion as to Claimant's functional limitations based upon a consistent group of consultative mental evaluators. It is not the function of this Court on review to either reweigh the evidence or substitute its judgment for that of Defendant. Hargis v. Sullivan, 945 F.2d 1482, 1486-87 (10th Cir. 1991). This Court finds no error in the ALJ's evaluation of the opinion evidence.[2]

Claimant also contends that the ALJ should have included additional limitations in the RFC, including incontinence, knee problems, lower back problems, and high blood pressure. Claimant's problems with her knees and back problems had largely

---

[2] Claimant also contends it is prohibited to accept the opinion of a non-examining consultative professional over an examining consultative professional. He is not required to give preference to examining sources if he provides good reasons for doing so. Hamlin v. Barnhart, 365 F.3d 1208, 1215 (10th Cir. 2004). The ALJ provided both the weight given to the opinions and the reasons for accepting their findings.

resolved themselves by 2009, when she demonstrated good strength and range of motion. (Tr. 246, 347-48). Moreover, no physician had imposed a requirement upon Claimant that she have easy access to a bathroom due to incontinence. This Court must conclude that no additional restrictions in the RFC were warranted by the evidence.

Claimant next contends that the ALJ failed to consider her subjective complaints. The ALJ discussed Claimant's testimony in detail and its inconsistency with the medical record. (Tr. 438). He also discussed the third party statement from Claimant's daughter and evaluated it in light of the other evidence of record. (Tr. 450). This Court finds no error in the evaluation of Claimant's testimony or that of her daughter.

### Step Five Evaluation

Claimant also asserts that the ALJ failed to include all of her limitations in the questioning of the vocational expert. The ALJ's hypothetical questions were consistent with the RFC. Since this Court found no error in the formulation of the RFC, the hypothetical questioning was not erroneous.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of September, 2019.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma